1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 ENRIQUE RUIZ,                                    Case No. 2:09-CV-01586-JAM-GGH

12          Plaintiff,                             ORDER GRANTING DEFENDANT'S
                                                        MOTION TO DISMISS
13       v.

14 NATIONAL CITY BANK; JPMORGAN
15 CHASE BANK, N.A. as successor
   by merger to Washington Mutual
16 Bank; LENDER DOE 1; and LENDER
   DOE 2,
17          Defendants.
18 _____/

19

20

21       This matter comes before the Court on Defendant National

22 City Bank's ("Defendant's" or "NCB's"[1]) Motion to Dismiss

23 Plaintiff Enrique Ruiz's ("Plaintiff's") First Amended Complaint

24 ("FAC") for failure to state a claim pursuant to Federal Rule of

25 Civil Procedure 12(b)(6). Plaintiff opposes the motion.

26 _____

27 [1] Plaintiff sporadically refers to a defendant "NCM" throughout
28 his First Amended Complaint. This appears to be a typo, and the
   Court will treat it as such, assuming the Plaintiff intended to
   refer to "NCB" instead of "NCM."

1

Defendant also brings a Motion to Strike Portions of the FAC pursuant to Federal Rule of Civil Procedure 12(f), which Plaintiff opposes.[2] For the reasons explained below, the Court grants Defendant's Motion to Dismiss. Because Defendant's motion to dismiss is granted, Defendant's motion to strike is moot.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

According to the FAC, on or around April 12, 2007, Plaintiff entered into two loan refinance transactions with Golden Empire Mortgage, Inc., not a named defendant in this case. The first loan was for $392,000.00, referred to as the "First Deed of Trust" in the FAC, and the second loan was for $49,000.00, the "Second Deed of Trust." Plaintiff claims he did not receive two copies of the "Notice of Right to Cancel" for the First Deed of Trust from Golden Empire Mortgage Company. Plaintiff claims that he did receive two copies of the Notice of Right to Cancel for the Second Deed of Trust from Golden Empire Mortgage Company, but the documents were incomplete and defective.

The First and Second Deeds of Trust are now serviced by defendants NCB and JPMorgan Chase. On May 8, 2009, Plaintiff notified Golden Mortgage Company, Chase, and NCB, that he was

---

[2] Both motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

making a Qualified Written Request ("QWR"). In the QWR, Plaintiff "pointed out the deficient notice of right to cancel under [TILA] . . .," and stated he was rescinding his loan, but Plaintiff did not receive a response from any of the defendants within 20 days. A foreclosure sale was conducted in June 2009.

Plaintiff's original complaint alleged causes of action for violation of the Truth In Lending Act, violation of the California Business and Professions Code §17200, violation of the Federal Fair Credit Reporting Act, and Breach of the Covenant of Good Faith and Fair Dealing. The Court granted Plaintiff leave to amend the original complaint. Plaintiff's FAC alleges violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §1601 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605 et seq.,  unfair business practices under California Unfair Competition Law ("UCL"), Breach of Implied Covenant of Good Faith and Fair Dealing, and Slander [Libel] of Credit.


II.  OPINION

Defendant's Motion to Dismiss

A.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to

dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

   Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2002). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. Accordingly, a court

4

should grant leave to amend the complaint unless the futility of amendment warrants dismissing a claim with prejudice.

B. <u>Federal Causes of Action</u>

   1. <u>Violations of TILA</u>

     Plaintiff alleges that the Defendant violated TILA by failing to respond to Plaintiff's "request for the name, address and telephone number of the true note holder . . .," thereby holding itself out as the note holder and keeping the identity of the true note holder concealed. FAC ¶¶ 87-88. Defendant is therefore liable to Plaintiff under TILA because Defendant is acting as an agent of the unknown note holder. <u>Id</u>. at ¶ 89-90. Plaintiff seeks rescission and damages from Defendant.

     Plaintiff's claims against Defendant for TILA violations fail because Defendant cannot be held liable for a TILA violation under the plain language of the statute. Plaintiff characterizes Golden Empire Mortgage as a "creditor pursuant to [TILA]," and Defendant as a "servicer" or "servicing agent" of his loan. FAC ¶¶ 18, 19, 32.  TILA allows civil liability to attach to creditors and assignees of creditors. <u>See</u> 15 U.S.C. §§ 1640(a), 1641(a). Under § 1641(f)(1), loan servicers "shall not be treated as an assignee of [a consumer] obligation for purposes of [TILA] unless the servicer is or was the owner of the obligation." <u>See</u> <u>also</u> <u>Marks v. Ocwen Loan Servicing</u>, 2008 WL

5

344210, at *2 (N.D. Cal. Feb. 6, 2008) ("Although TILA provides that assignees of a loan may be liable for TILA violations, loan servicers are not liable under TILA as assignees unless the loan servicer owned the loan obligation at some point . . . .").

Plaintiff argues that although Defendant is a loan servicer, Defendant is liable under the common law theory of agency because Defendant is intentionally withholding the identity of an unidentified principal note holder. FAC ¶¶ 89-90; see also Pl.'s Opp. to Def.'s Mo. to Dismiss, 7-9. Plaintiff admits Defendant is merely a loan servicer, without ownership rights over the loan, and "has provided no authority that extends the common law doctrine of agency to the servicer of a loan under a TILA claim." Fullmer v. JPMorgan Chase Bank, N.A., 2010 WL 95206, at *4 (E.D. Cal. Jan. 6, 2010). Plaintiff was already given leave to amend the TILA claim once by this Court, and has again failed to sufficiently plead this cause of action.

A foreclosure sale occurred in July of 2009, before Plaintiff filed his complaint. 15 U.S.C. § 1635(f) provides "an obligor's right of rescission shall expire . . . upon the sale of the property . . . ." It is impossible for Plaintiff to allege he can maintain a claim for rescission under this statute.

2. RESPA Violation

Plaintiff claims that Defendant violated RESPA by failing to respond to Plaintiff's QWR. FAC ¶¶ 132-46. The only detail given about the QWR in Plaintiff's complaint is that it "pointed out the deficient notice of right to cancel under the Truth in Lending Act and that Plaintiff was rescinding his loans pursuant to the Truth in Lending Act." Id. at ¶ 27.

Plaintiff's allegations do not rise above the level of recitations of legal conclusions. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). While detailed factual allegations are not necessary, a Plaintiff must provide enough facts for this Court to determine Plaintiff's claim is "plausible on its face," and the Plaintiff has not done so in this case. See Twombly, 550 U.S. at 570.

C. State Law Claims

   1. Violation of California's Unfair Competition Law, Business
      & Professions Code § 17200, et seq.

Plaintiff alleges Defendant's violations of TILA and RESPA constitute violations of California Business & Professions Code § 17200. Additionally, Defendant's "clear financial dominance in the marketplace is highly detrimental to California consumers," as Defendant deprives consumers of their rights, and Defendant's failure to respond to many customers' QWRs constitutes a violation of UCL.

7

UCL proscribes "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200. "The UCL is broad in scope, embracing anything that can properly be called a business practice and that at the same time is forbidden by law."  People ex rel. Gallegos v. Pacific Lumber Co., 158 Cal. App. 4th 950, 959 (2008) (internal citations omitted).  Section 17200 "'borrows' violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200."  Farmers Ins. Exch. V. Superior court, 2 Cal. 4th 377, 383 (1992). Indeed, "[v]iolation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim."  Plascencia v. Lending 1st Mortg., 583 F. Supp. 2d 1090, 1098 (9th Cir. 2008) (citing Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994)).

Plaintiff's UCL claim is based on violations of federal statutes, namely, TILA and RESPA. Because the Court has dismissed those federal claims, Plaintiff cannot sustain his UCL claim. To the extent Plaintiff's UCL claim does not rely on federal law, Plaintiff's FAC has failed to allege facts sufficient to state a claim for a violation of UCL. See Iqbal, 129 S.Ct. 1937, 1949-50 (2009); Twombly, 550 U.S. at 570.

2. Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff alleges Does 1 and 2 breached the implied covenant of good faith and fair dealing, but Plaintiff has had contact with Defendant regarding rescission and "other

8

matter[s]." FAC ¶ 169.  Although Plaintiff does not explicitly
name Defendant National City Bank in the Section "Fifth Cause of
Action Against DOE 1 and DOE 2 (Breach of Implied Covenant of
Good Faith and Fair Dealing)," Defendant addresses this cause of
action in its motion to dismiss, and Plaintiff, in his reply,
applies this cause of action to the Defendant. With knowledge of
this discrepancy, the Court will address the arguments from both
parties regarding an alleged breach of implied covenant of good
faith and fair dealing.

Under California law, every contract "imposes upon each
party a duty of good faith and fair dealing in its performance
and its enforcement." McClain v. Octagon Plaza, L.L.C., 159
Cal.App.4th 784, 798, 71 Cal.Rptr.3d 885 (2008). However, "[t]he
covenant . . . cannot be endowed with an existence independent
of its contractual underpinnings. It cannot impose substantive
duties or limits on the contracting parties beyond those
incorporated in the specific terms of their agreement." Guz v.
Bechtel Nat'l Inc., 24 Cal. 4th 317, 349-350, 100 Cal.Rptr.2d
352 (1992)(citations and quotations omitted). "[T]he implied
covenant of good faith is read into contracts in order to
protect the express covenants or promises of the contract, not
to protect some general public policy interest not directly tied
to the contract's purpose." Carma Dev., Inc. v. Marathon Dev.
Cal., 2 Cal. 4th 342, 373, 6 Cal.Rptr.2d 467 (1992)(citations
omitted). Additionally, "tort recovery for breach of the
covenant is available only in limited circumstances, generally
involving a special relationship between the contracting parties
. . . ." Bionghi v. Metro. Water Dist. of So. Cal., 70

Cal.App.4th 1358, 1370, 83 Cal.Rptr.2d 388 (1999). "California courts have rejected parties' arguments that the tort doctrine which has been extended only to situations where there are unique fiduciary-like relationships between the parties, should encompass normal commercial banking transactions." Connors v. Home Loan Corp., 2009 WL 1615989, at *6 (S.D. Cal. Jun. 9, 2009)(internal brackets and quotations omitted).

Plaintiff alleges no facts demonstrating Defendant breached any "express covenants or promises of [a] contract." Carma Dev., 2 Cal.4th at 373, 6 Cal.Rptr.2d 467. Plaintiff's passing reference to Defendant will not suffice to maintain a claim against Defendant for breach of the implied covenant of good faith and fair dealing. See Flores v. GMAC Mort., 2010 WL 582115 (E.D. Cal. Feb. 11, 2010). Moreover, because the transaction between Plaintiff and Defendant involves a "normal commercial banking transaction," Plaintiff will be unable to allege facts giving rise to an action under the implied covenant of good faith and fair dealing.

### 3. Slander of Credit

Plaintiff alleges that Defendant slandered Plaintiff's credit by reporting false statements "with various credit reporting agencies . . . without informing that such claims were disputed," and "negative credit information regarding the Plaintiff's creditworthiness," impairing Plaintiff's "credit history[,] causing her [sic] to lose the ability to have good credit . . . ." FAC ¶¶ 183-85.

Plaintiff's allegations do not rise above the level of recitations of legal conclusions. <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009). Noticeably absent are any facts identifying what the allegedly damaging or false statements were, the parties to whom the statements were made, or what damage to Plaintiff's credit directly resulted from Defendant's statements. <u>See</u>, <u>e.g.</u>, <u>Lal v. American Home Servicing</u>, 2010 WL 225524, at *5 (E.D. Cal. Jan. 19, 2010). Thus, Plaintiff's complaint does not state facts sufficient to maintain a claim for slander of credit.

## III. ORDER

For the reasons set forth above, Defendant's motion to dismiss is GRANTED WITH PREJUDICE in its entirety. The Court finds that dismissal with prejudice is appropriate given that the Plaintiff has been given two chances to try to plead proper claims against this Defendant and any further opportunity to save the complaint by amendment would be futile.

IT IS SO ORDERED.

Dated: March 16, 2010

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE